```
JAVERBAUM, WURGAFT, HICKS,
KAHN, WIKSTROM & SININS, P.C.
1338 NORTH AVENUE
ELIZABETH, NEW JERSEY 07208
TEL:(908)368-1058
FAX:(908)354-0360
Attorney(s) for Plaintiff(s)
```

| | |
|---|---|
| HECTOR LOPEZ, | :UNITED STATES DISTRICT COURT |
| | :DISTRICT OF NEW JERSEY |
| Plaintiff, | : |
| | : |
| vs. | :CIVIL ACTION NO.: |
| | : |
| NEW JERSEY TRANSIT RAIL | : |
| OPERATIONS, INC., | :      COMPLAINT AND |
| | :       JURY DEMAND |
| Defendant. | : |
| | : |

Plaintiff, Hector Lopez, residing at 132 Audubon Avenue, Jersey City, New Jersey, 07305, complains of the defendant and says:

### FIRST CAUSE OF ACTION

1.   The plaintiff is a resident of 132 Audubon Avenue, Jersey City, County of Hudson, New Jersey, and is a citizen of the State of New Jersey.

2.   At all times hereinafter mentioned, the defendant, New Jersey Transit Rail Operations, Inc. is a division of New Jersey Transit with a principle place of business at One Penn Plaza East, County of Essex, State of New Jersey.

3. At all times hereinafter mentioned, the defendant was and still is engaged as a common carrier by railroad in interstate commerce.

4. At all times hereinafter mentioned, the plaintiff was in the employ of the defendant as a machine operator and was engaged in the furtherance of defendant's operations in interstate commerce.

5. This action is brought pursuant to the provisions of the Federal Employers Liability Act, Title 45 U.S., U.S. Code, and plaintiff hereby elects to maintain this action for damages at law, with the right of trial by jury and to take the benefit of all statutes of the United States modifying or extending the common law right or remedy in cases of personal injury to railway employees.

6. On or about September 27, 2014, the plaintiff was employed by defendant at its yard in Hoboken, New Jersey.

7. On or about September 27, 2014, the plaintiff and his co-employees were engaged in the handling of ties and rails and using machinery and equipment furnished by defendant.

8. On or about September 27, 2014, the aforesaid machinery and equipment was owned, maintained, operated, and repaired by the defendant.

9. At the aforesaid time and place, while plaintiff was engaged in the course of his duties as an operator, suddenly due to the negligence of the defendant, its agents, servants, and employees, and the defective an unsafe condition of its machinery and equipment, a bucket was caused to strike plaintiff, causing him to fall.

10. The defendant was negligent in a number of respects, including but not limited to, the following:

   (a) failure to provide a safe place to work;

   (b) failure to properly operate, maintain and repair its machinery and equipment;

   (c) failure to properly instruct its employees;

   (d) in causing, permitting, and allowing its equipment to be maintained and operated in an unsafe manner;

   (e) failure to warn plaintiff;

   (f) and in such other respects as may be determined.

11. As a result of the negligence of the defendant, the plaintiff, Hector Lopez, sustained serious injuries, with resultant medical expenses; loss of income and reduced earning capacity; pain and suffering, an interference with the ability to engage in active pursuits and impairment of the quality of life.

WHEREFORE, plaintiff, Hector Lopez, demands judgment against the defendant, New Jersey Transit Rail Operations, Inc. for damages, in the amount of $3,000,000.00 plus interest and costs.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rule of civil Procedure, the plaintiff demands trial by jury on all issues.

**JAVERBAUM, WURGAFT, HICKS,
KAHN, WIKSTROM & SININS, P.C.
A Professional Corporation
Attorneys for Plaintiff(s)**

BY: **/s/JORDEN N. PEDERSEN, JR.**
**JORDEN N. PEDERSEN, JR., ESQ. (JP-7681)**

Dated: January 31, 2017